# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

                Plaintiff,

v.                                          5:22-CV-425 (TJM/ATB)

ALLIED UNIVERSAL/SECURITY SUPERVISOR
ALEX, et al.,

                Defendants.

ROBERT JOHNSON, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint brought pursuant to 42 U.S.C. § 1983, filed by plaintiff Robert Johnson. (Dkt. No. 1) ("Compl."). Plaintiff has also moved to proceed in forma pauperis. (Dkt. No. 2).

## I.   IFP Application

Plaintiff declares in his IFP application that he is unable to pay the filing fee. (Dkt. No. 2). After reviewing his application, this court finds that plaintiff is financially eligible for IFP status.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915

(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward pro se litigants, and must use extreme caution in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

## II. Complaint

Plaintiff alleges that on May 2, 2022, he was "told to leave" the "Centro Bus Station/Greyhound Station" by defendant Allied Universal Security Supervisor Alex

2

("Alex"), after "presenting a Centro bus ticket and a Greyhound/Trailways bus ticket." (Compl. at CM/ECF p. 10). Plaintiff further alleges that defendant Alex "mandated" him to "put his COVID-19/breathing protection mask on." (*Id.* at CM/ECF p. 11). Plaintiff maintains that in doing so, defendant Alex "harassed" and "discriminated against" him. (*Id.* at CM/ECF pp. 10, 12). He further alleges that defendants "Centro, Greyound, Trailways, Allied Universal [and] William F. Walsh Regional Transportation Center" violated plaintiff's "due process and consumer rights." (*Id.* at CM/ECF p. 12). Last, plaintiff states that "[a]ll parties failed to satisfy violations [plaintiff] allegedly committed to be harassed and directed to use the plaintiff's facial mask." (*Id.*). Plaintiff seeks $100 million in punitive damages, along with "100% ownership" of the defendants. (*Id.* at CM/ECF p. 13).

## III. Fed. R. Civ. P. 8

### A. Legal Standard

Fed. R. Civ. P. 8 requires a "'short and plain statement'" of a claim, showing that 'the pleader is entitled to relief.'" *Whitfield v. Johnson*, 763 F. App'x 106, 107 (2d Cir. 2019) (quoting Fed. R. Civ. P. 8(a)). Each statement must be "'simple, concise, and direct,' and must give 'fair notice of the claims asserted.'" *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). "A complaint may be dismissed under Rule 8 if it is 'so confused, ambiguous, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.*

### B. Analysis

Even under the very liberal reading we afford pro se plaintiffs, the allegations in

3

plaintiff's complaint can only be described as frivolous, and plainly run afoul of the requirements of Rule 8. Assuming that plaintiff could establish the defendants acted under color of state law for purposes of maintaining a claim under section 1983,[1] he has offered no factual allegations that would allow the defendants to understand the claims against them, and decide how to respond. To be sure, portions of plaintiff's complaint are outright nonsensical. To the best of this court's understanding, the gravamen of plaintiff's complaint is that defendant Alex required plaintiff to wear a facial mask, and at some point directed plaintiff to leave the subject transportation center. On this modicum of information, the court cannot decipher the nature of any "due process" violation by defendant Alex, much less how any of the remaining defendants were personally responsible[2] for such violation. Nor do plaintiff's conclusory allegations of harassment, or a violation of his "consumer rights," plausibly state a claim under section 1983.

It bears noting that this is not the first meritless complaint filed by the plaintiff. As of the date plaintiff filed the instant action, he was already subject to numerous bar orders and filing injunctions in the Southern District of New York, District of Connecticut, and Southern District of Ohio. *See, e.g., Johnson v. Wolf*, 1:19-CV-07337 (S.D.N.Y.) (filed 07/12/20); *Johnson v. New York Police Dep't*, 1:20-CV-01368

---

[1] *See Glasgow v. CNYRTA/Centro, Inc.*, No. 5:18-CV-721 (GTS/ATB), 2018 WL 5660407, at *8 n. 11 (N.D.N.Y. July 12, 2018) (Assuming, for purposes of the report-recommendation, that defendant CENTRO acts under color of state law).

[2] "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Brandon v. Kinter*, 938 F.3d 21, 36 (2d Cir. 2019) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (internal citation omitted)).

(S.D.N.Y.) (filed 08/13/20); *Johnson v. Town of Onondaga*, 1:19-CV-11128 (S.D.N.Y.) (filed 04/01/21); *Johnson v. Vera House, Inc.*, 3:22-CV-00314 (D. Conn.) (filed 3/18/22); *Johnson v. Coe*, 2:19-CV-02428, 2:19-CV-02490, 2:19-CV-02865 (S.D. Ohio) (filed 08/5/2019) (deeming Plaintiff a "vexatious" litigant and barring him from filing new pro se actions without prior leave of court).

In addition, plaintiff has been warned by the Second Circuit that the continued filing of frivolous appeals could result in a filing injunction. *See Johnson v. Wolfe*, 19-3891, 2020 WL 2544909, at *1 (2d Cir. May 7, 2020) ("Appellant has filed several frivolous matters in this Court, including his appeals docketed under 2d Cir. 19-1688, 19-2174, 19-2235, 19-3657, 19-3889, 19-3891, and 19-4062. Appellant has previously been warned against filing new frivolous appeals. See 2d Cir. 19-4062, doc. 22; 2d Cir. 19-3889, doc. 49. Accordingly, Appellant is warned that the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers could result in the imposition of both a monetary sanction and a sanction that would require Appellant to obtain permission from this Court prior to filing any further submissions in this Court (a "leave-to-file" sanction).").

Plaintiff's abusive litigation tactics have also since been recognized and addressed in this district. On May 6, 2022, Chief District Judge Glenn T. Suddaby of the Northern District of New York issued an order to show cause, directing the plaintiff to show why he should not be enjoined from filing any future pleadings or documents in this district pro se, without prior permission to do so. *See In re Johnson*, No. 5:22-PF-0003 (GTS), 2022 WL 1443311, at *4 (N.D.N.Y. May 6, 2022). The order to

show cause was issued in response to plaintiff filing forty-five pro se civil rights actions in this district in a period of only ten days, one of which was the complaint presently before this court on initial review. *Id.* at \*2. Judge Suddaby specifically commented that his cursory review of the actions pending before other Northern District courts, including the instant matter, revealed a "cavalier disregard for the Federal Rules of Civil Procedure (including Rules 8, 10, and 12)." *Id.*

Instead of properly responding to the order to show cause, plaintiff subsequently filed another twenty-two "similarly questionable civil actions pro se." *See In re Johnson*, No. 5:22-PF-0003 (GTS), 2022 WL 1597718, at \*1 (N.D.N.Y. May 19, 2022) (listing new actions). Accordingly, on May 19, 2022, Judge Suddaby permanently enjoined plaintiff from filing any pleadings or documents as a pro se plaintiff in this district without prior permission.[3] *Id.* at \*1.

Here, the pleading deficiencies in the complaint prove fatal to plaintiff's claims, and his noted history as a vexatious litigant has not gone unnoticed by this court. Accordingly, the undersigned recommends dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

## IV.   Opportunity to Amend

### A.   Legal Standards

Generally, before the court dismisses a pro se complaint or any part of the complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be

---

[3]The pre-filing order is not applicable to cases that were already open at the time of its issuance, which includes the above-captioned action. *In re Johnson,* 2022 WL 1597718, at \*1.

6

futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B. Application

Plaintiff is now subject to pre-filing injunctions in multiple districts, including the Northern District, and has been warned of the same consequence by the Second Circuit. In light of plaintiff's abusive litigation history, and considering the frivolous nature of the instant complaint, the court recommends denying leave to amend.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED WITH PREJUDICE**, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: June 21, 2022

_____
Andrew T. Baxter
U.S. Magistrate Judge