**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT W. JOHNSON,**

                          **Plaintiff,**

    v.                                                             5:22-CV-425
                                                                    (TJM/ATB)
**ALLIED UNIVERSAL/SECURITY SUPERVISOR**
**ALEX, et al.,**

                          **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION and ORDER

**I.    INTRODUCTION**

The Clerk of the Court sent the pro se complaint brought pursuant to 42 U.S.C. § 1983, filed by plaintiff Robert Johnson, (Dkt. No. 1), to the Hon. Andrew T Baxter, United States Magistrate Judge, for review. *See* 06/21/22 Order and Report-Recommendation, Dkt. No. 8.[1]

Upon review of the complaint, which concerns allegations surrounding defendant Alex directing plaintiff to put on his COVID-19/breathing protection mask while in the "Centro Bus Station/Greyhound Station" and telling plaintiff to leave the station even though plaintiff presented a bus ticket, Judge Baxter found that the complaint did not

---

[1]Judge Baxter also reviewed plaintiff's motion to proceed in forma pauperis, (Dkt. No. 2), found plaintiff financially eligible for IFP status, and granted the application for purposes of filing only. *See* 06/21/22 Order and Report-Recommendation (Dkt. No. 8).

1

plausibly allege a claim under Section 1983. *Id.* at 3-4.  Judge Baxter also concluded:

> Even under the very liberal reading we afford pro se plaintiffs, the allegations in plaintiff's complaint can only be described as frivolous, and plainly run afoul of the requirements of Rule 8. Assuming that plaintiff could establish the defendants acted under color of state law for purposes of maintaining a claim under section 1983, he has offered no factual allegations that would allow the defendants to understand the claims against them, and decide how to respond.

*Id.*

In addition, Judge Baxter noted that "this is not the first meritless complaint filed by the plaintiff," explaining that: plaintiff has been subject to numerous bar orders and filing injunctions in the Southern District of New York, District of Connecticut, and Southern District of Ohio; warned by the Second Circuit Court of Appeals that the continued filing of frivolous appeals could result in a filing injunction; and directed by then-Chief District Judge Glenn T. Suddaby to show cause why he should not be enjoined from filing any future pleadings or documents in this district pro se, without prior permission to do so, but instead of properly responding to the order to show cause plaintiff subsequently filed another twenty-two "similarly questionable civil actions pro se," resulting in Judge Suddaby permanently enjoining plaintiff from filing any pleadings or documents as a pro se plaintiff in this district without prior permission. *Id.* at 4-6 (cleaned up).

Judge Baxter recommends dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(i). *Id.* at 6.  Judge Baxter also indicates that "[i]n light of plaintiff's abusive litigation history, and considering the frivolous nature of the instant complaint," he recommends denying leave to amend.  *Id.* at 7.

Plaintiff filed no objections to the Order and Report-Recommendation, and his time

to do so has passed.

## II. DISCUSSION

After examining the record, this Court has determined that the Order and Report-Recommendation is not subject to attack for plain error or manifest injustice.

## III. CONCLUSION

Accordingly, the Court **ACCEPTS** and **ADOPTS** the Order and Report-Recommendation (Dkt. No. 8) for the reasons stated therein. It is therefore

**ORDERED** that the complaint in this action (Dkt. No. 1) is **DISMISSED WITH PREJUDICE.**

The Clerk of the Court is directed to close the file in this matter.

**IT IS SO ORDERED.**

Dated: December 15, 2022

Thomas J. McAvoy
Senior, U.S. District Judge